**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------

**FREDDY CASTILLO,**

              **Plaintiff,**         16 Cv. 6166 (JGK)

      - against -            **MEMORANDUM OPINION AND**
                                                       **ORDER**
**ZISHAN, INC., ET AL.,**

              **Defendants.**
------------------------------------

**JOHN G. KOELTL, District Judge:**

    On August 3, 2016, the plaintiff brought this action against the individual defendant Muhammad Zishan and the corporate defendant Zishan, Inc., alleging violations of the Fair Labor Standards Act and the New York Labor Law.[1] The plaintiff filed an Amended Complaint on August 19, 2016, and the defendants, represented by counsel, filed an answer on November 7, 2016. See Docket Nos. 5, 17.

    On March 22, 2017, then-counsel for the defendants moved to withdraw from the case and included a notarized consent form signed by Zishan consenting to the withdrawal. See Docket No. 25. In a March 31, 2017 order, the Court granted the motion and directed Zishan to find new counsel or submit a statement that he was appearing pro se, and instructed the corporate defendant

---

[1] The plaintiff also named as defendants Asmat Ullah Toor and Samaira Asmat, but thereafter voluntarily dismissed the claims against these defendants. See Docket Nos. 18, 41.

1

Zishan, Inc. to file a notice of appearance for new counsel by May 1, 2017.  See Docket No. 30; see also Lattanzio v. COMTA, 481 F.3d 137, 139-40 (2d Cir. 2007) (noting that corporate entities must be represented by legal counsel in order to appear in court). The March 31, 2017 order further warned that "[i]f either defendant fails to comply with this order, the plaintiff may seek a default judgment against any defendant who fails to comply."  See Docket No. 30.  Pursuant to the March 31, 2017 order, the defendants' prior counsel filed a certificate of service stating that the defendants were served by mail with a copy of the March 31, 2017 order.  See Docket Nos. 30, 31.  The May 1, 2017 deadline passed with no response from either Zishan or Zishan, Inc.

   On June 22, 2017, the plaintiff moved to strike the defendants' answer and enter a default judgment pursuant to Rules 16(f), 37(b)(2)(a), and 55 of the Federal Rules of Civil Procedure.  See Docket No. 37. By order dated July 10, 2017, the Court instructed the defendants to respond to the motion by July 17, 2017 and scheduled a hearing on the motion for July 21, 2017.  See Docket No. 43.  The July 10, 2017 order repeated the warning that the failure to respond to the motion or the failure to appear at the hearing could result in default judgment being entered against the defendants with no trial.  See Docket No.

2

43. On July 11, 2017, the plaintiff filed affidavits of service indicating that both the plaintiff's motion and the Court's July 10, 2017 order were served on the defendants by mail.  See Docket Nos. 44, 45.

The July 21, 2017 hearing was adjourned to July 25, 2017, and a notice of the adjournment was served on the defendants on July 19, 2017.  See Docket Nos. 47, 48.  The defendants failed to appear at the July 25, 2017 hearing.

As stated on the record at the July 25, 2017 hearing, the plaintiff is entitled to a default judgment against both defendants.[2]  Under the Federal Rules of Civil Procedure, "if a party . . . fails to appear at a . . . pretrial conference" or "fails to obey a . . . pretrial order," a court may "strik[e] pleadings in whole or in part" or "render[] a default judgment against the disobedient party."  Fed. R. Civ. P. 16(f)(1)(A)&(C), 37(b)(2)(A)(iii)&(vi). "Several factors may be useful in evaluating a district court's exercise of discretion to dismiss an action under Rule 37.  These include: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the

---

[2] At the hearing, the plaintiff's counsel agreed that the motion was brought only on behalf of the plaintiff and that the plaintiff was no longer pursuing the case as a collective or class action.

duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302-03 (2d Cir. 2009) (citation and quotation marks omitted). In entering a default judgment, "[t]he Court may . . . make referrals . . . when, to enter or effectuate a judgment, it needs to . . . determine the amount of damages." Fed. R. Civ. P. 55(b)(2).

Here, the defendants are plainly aware of this lawsuit, as indicated by the fact that they answered the complaint and consented to the withdrawal of their prior counsel. They are also aware of the Court's order to appear by May 1, 2017, either pro se or by new counsel for the individual defendant, or by new counsel for the corporate defendant. The defendants also refused to respond to the order to respond to the motion seeking a default judgment against them. Accordingly, the defendants' failure to comply with the Court's orders and their failure to appear at the hearing on the motion was willful.

Moreover, despite being served with two orders from the Court warning the defendants that non-compliance with the Court's directives could result in a default judgment, the defendants have still failed to appear to defend this action. The defendants' continued non-compliance in the face of these

repeated warnings indicates that a sanction less severe than a default judgment would be ineffective.  This case cannot proceed without the participation of the defendants.

As to the duration of the period of non-compliance, it appears that the defendants last participated in this matter on March 22, 2017, when their previous attorney filed the defendants' consent form as part of his motion to withdraw as counsel.  The defendants' failure to participate in this action for over four months weighs in favor of a default judgment. See Fajardo v. Arise News, Inc., No. 15-CV-6912 (PKC), 2016 WL 2851339, at *3 (S.D.N.Y. May 13, 2016) (determining that a three-month period of non-compliance weighed in favor of a default judgment).

There has been a persistent default by the defendants.  The defendants' answer is stricken, and a default judgment against the defendants is warranted.  See id. (striking defendants' answer and entering default judgment pursuant to Rule 37(b)(2)(A)).

## CONCLUSION

For the reasons stated above, the defendants' answer is stricken and a default judgment should be entered against them after the amount of the judgment is determined.  Therefore, the

5

case is referred to the Magistrate Judge for an inquest on damages.

**SO ORDERED.**

**Dated:    New York, New York
           July 27, 2017**              _____/s/_____
                                           **John G. Koeltl
                                     United States District Judge**