UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

FREDDY CASTILLO,                      :

                      Plaintiff,      :

                                         16 Civ. 6166 (JGK)(HBP)

      -against-                       :

                                         REPORT AND
ZISHAN, INC., et al.,                 :   RECOMMENDATION

                      Defendants.     :

-----------------------------------X


                PITMAN, United States Magistrate Judge:


                TO THE HONORABLE JOHN G. KOELTL, United States District

Judge,


I.    Introduction


                By Order dated July 28, 2017, the Honorable John G.

Koeltl, United States District Judge, referred this matter to me

to conduct an inquest with respect to corporate defendant Zishan,

Inc., d/b/a "Blue Nine Burger," and individual defendant Muhammad

Zishan (Order dated July 28, 2017, Docket Item ("D.I.") 51).[1]

Pursuant to Judge Koeltl's Order, I issued a scheduling Order on

---

[1] Plaintiff also named Asmat Ullah Toor and Samaira Asmat as
defendants in this action, but voluntarily dismissed the claims
against them (see D.I. 18 and D.I. 41).  Plaintiff added Muhammad
Zishan as an individual defendant in his amended complaint on
August 19, 2016 (see Amended Complaint, dated Aug. 19, 2016 (D.I.
5) ("Am. Compl.")).

August 10, 2017 (D.I. 53).  My Scheduling Order provided, in

pertinent part:

> 1.  Plaintiff shall submit proposed findings of fact and conclusions of law concerning damages no later than September 7, 2017.  All factual assertions made by plaintiff are to be supported by either by affidavit or other material of evidentiary weight.
>
> 2.  Zishan, Inc. and Muhammad Zishan shall submit their response to plaintiff's submissions, if any, no later than October 9, 2017.  IF ZISHAN, INC. AND MUHAMMAD ZISHAN (1) FAIL TO RESPOND TO PLAINTIFF'S SUBMISSIONS, OR (2) FAIL TO CONTACT MY CAMBERS BY OCTOBER 9, 2017 AND REQUEST AN IN-COURT HEARING, IT IS MY INTENTION TO ISSUE A REPORT AND RECOMMENDATION CONCERNING DAMAGES ON THE BASIS OF PLAINTIFF'S WRITTEN SUBMISSIONS ALONE WITHOUT AN IN-COURT HEARING.  <u>See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.</u>, 109 F.3d 105, 111 (2d Cir. 1997); <u>Fustok v. ContiCommodity Services Inc.</u>, 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t is not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment.")

Plaintiff timely submitted Proposed Findings of Fact

and Conclusions of Law on September 7, 2017 (Plaintiff's Declara-

tion, dated Sept. 7, 2017 (D.I. 54) ("Pl. Decl.")).

Copies of my Scheduling Order were mailed to Zishan,

Inc. at 1415 Second Avenue, New York, New York 10021 and to Mr.

Muhammad Zishan at 3210 Avenue I, 2nd Floor, Brooklyn, New York

11210.  Neither has been returned as undeliverable.  Zishan, Inc.

and Muhammd Zishan have not made any submission in response to

plaintiff's submission, nor have they contacted my chambers in

any way. Accordingly, on the basis of plaintiff's submissions alone, I make the following findings of fact and conclusions of law.

## II. Findings of Fact

1. Plaintiff Freddy Castillo is a resident of Queens County and a former employee of defendant Zishan, Inc.'s restaurant, Blue Nine Burger (Complaint, dated Aug. 3, 2016 (D.I. 1) ("Compl.") ¶¶ 5, 12).[2] Blue Nine Burger employed plaintiff as a non-exempt grill cook, food preparer/kitchen worker and food delivery worker from about October 2015 until about June 6, 2016 (Compl. ¶ 12).

2. Defendant Zishan, Inc. is a domestic corporation organized under the laws of the State of New York with its principal place of business at 1415 Second Avenue, New York, New York 10021 (Compl. ¶ 6).

---

[2] As a result of defendants' default, all the allegations of the complaint, except as to the amount of damages, must be taken as true. Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 854 (2d Cir. 1995); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158-59 (2d Cir. 1992); Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 69-70 (2d Cir. 1971), rev'd on other grounds sub nom., Hughes Tool Co. v. Trans World Airlines, Inc., 409 U.S. 363 (1973).

3. Defendant Muhammad Zishan is the owner, share-holder, director, supervisor, managing agent and proprietor of Blue Nine Burger (Am. Compl. ¶ 7).

4. In October 2015, plaintiff worked twelve-hour days at Blue Nine Burger, six days a week (Tuesday through Sunday), with a thirty-minute meal break per day (Compl. ¶ 23).

5. Beginning in November 2015 and continuing through January 2016, plaintiff worked twelve- to sixteen-hour days, six days a week (Tuesday through Sunday), with a thirty-minute meal break per day (Compl. ¶ 24).

6. In February 2016, plaintiff worked twelve- to sixteen-hour days, seven days a week, with a thirty-minute meal break per day (Compl. ¶ 25).

7. In March 2016, plaintiff worked twelve- to sixteen-hour days, six days a week (Tuesday through Sunday), with a thirty-minute meal break per day (Compl. ¶ 26).

8. Beginning in April 2016 through the end of his employment on or about June 6, 2016, plaintiff worked eleven-hour days, six days a week (Tuesday through Sunday), with a thirty-minute meal break per day (Compl. ¶ 27).

4

9.    Thus, from October 2015 through June 6, 2016, plaintiff worked between 69 and 108.5 hours per week at Blue Nine Burger (Compl. ¶ 28).[3]

10.    Throughout the entirety of plaintiff's employment with Blue Nine Burger, he was paid $4 per hour for all hours worked and was never paid the overtime premium pay, i.e., time and a half, as required by state and federal law, for all hours worked in excess of 40 hours per week (Compl. ¶ 28).

11.    Plaintiff commenced this action against the defendants on August 3, 2016 claiming violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., ("FLSA") and the New York Labor Law, § 650 et seq. ("NYLL") (Compl.).

12.    On November 7, 2016, defendants, represented at the time by counsel, submitted an answer to plaintiff's amended complaint (D.I. 17). On March 22, 2017, then-counsel for the defendants moved to withdraw from the case with consent of defendant Muhammed Zishan (D.I. 25). Judge Koeltl granted this motion on March 31, 2017 and directed defendant Muhammed Zishan to find new counsel or submit a statement that he would be

_____

[3] Plaintiff's complaint alleges that his work weeks ranged from 69 to 84 hours per week (Compl. ¶ 28). However, if plaintiff worked sixteen-hour days, seven days a week with a thirty-minute lunch break per day in February 2016, he would have been working 108.5 hours per week.

5

continuing pro se (Order dated Mar. 31, 2017 (D.I. 30)). Judge
Koeltl further directed Zishan, Inc. to obtain new counsel by May
1, 2017. Judge Koeltl warned defendants that if they did not
comply with the Order, a default judgment might be entered
against them (D.I. 30).

13. Thereafter, the defendants failed to appear or
defend this action. On July 28, 2017, Judge Koeltl granted
plaintiff's motion to strike defendants' answer and entered a
default judgment in this action against defendants.

III. Conclusions of Law

14. The Court has subject matter jurisdiction over
this action pursuant to 28 U.S.C. § 1331 because plaintiff
alleges a violation of a federal statute -- the FLSA. The Court
also has supplemental jurisdiction pursuant to 28 U.S.C. §
1367(a) with respect to plaintiff's NYLL claims because they are
part of the "same case or controversy" as his FLSA claim. 28
U.S.C. § 1367(a).

15. Venue is proper in this District pursuant to 28
U.S.C. § 1391(b)(2) because the events giving rise to plaintiff's
claims occurred in this District.

16. Under the FLSA, an employee plaintiff generally
"'has the burden of proving that he performed work for which he

was not properly compensated.'"  Santillan v. Henao, 822 F. Supp. 2d 284, 293-94 (E.D.N.Y. 2011), quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946), superseded on other grounds by 29 U.S.C. § 251, et seq..  However, "employees seldom keep . . . records [of hours worked] themselves."  Anderson v. Mt. Clemens Pottery Co., supra, 328 U.S. at 687.  Accordingly, the FLSA requires that an employer "make, keep, and preserve . . . records of the persons employed by him and of the wages, hours, and other conditions and practices of employment."  29 U.S.C. § 211(c).  In default situations such as this one, if the defendant employer does not provide proper timekeeping or payroll records, he essentially deprives "plaintiff of the necessary employee records required by the FLSA, thus hampering plaintiff's ability to prove his damages."  Santillan v. Henao, supra, 822 F. Supp. 2d at 294.  Accordingly, the Supreme Court has held that "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable infer-ence."  Anderson v. Mt. Clemens Pottery Co., supra, 328 U.S. at 687; accord Tho Dinh Tran v. Alphonse Hotel Corp., 281 F.3d 23, 31 (2d Cir. 2002), abrogated on other grounds, Slayton v. Ameri-can Exp. Co., 460 F.3d 215 (2d Cir. 2006).

7

17.    In light of the holding in <u>Mt. Clemens Pottery</u>
<u>Co.</u>, courts in this Circuit have concluded that where a defendant
employer defaults, a plaintiff may sustain his burden of proof
"'by relying on his recollection alone.'"   <u>Martinez v. Alimentos</u>
<u>Saludables Corp.</u>, 16-cv-1997 (DLI)(CLP), 2017 WL 5033650 at *12
(E.D.N.Y. Sept. 22, 2017), <u>quoting</u> <u>Doo Nam Yang v. ACBL Corp.</u>,
427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005) (Sand, D.J.); <u>see also</u>
<u>Park v. Seoul Broad. Sys. Co.</u>, 05 Civ. 8956 (BSJ)(DFE), 2008 WL
619034 at *7 (S.D.N.Y. Mar. 6, 2008) (Jones, D.J.) (holding that
courts should apply a "special burden-shifting standard" where
employers fail to comply with this statutory duty of record
keeping).[4]

18.    Here, plaintiff detailed the number of hours he
worked at Blue Nine Burger with specificity and alleged that he
was only paid $4 an hour for the hours he worked (<u>see</u> Compl. &
Am. Compl.).   Plaintiff also submitted handwritten time records
that were maintained by Blue Nine Burger for a small portion of

---

[4] Plaintiff's burden of proof to establish proper damages is
nearly identical under the NYLL.  <u>See</u> N.Y. Lab. Law § 195(4)
(requiring employers to maintain "payroll records showing the
hours worked, gross wages, deductions and net wages for each
employee"); <u>Marin v. JMP Restoration Corp.</u>, 09-cv-1384
(CBA)(VVP), 2012 WL 4369748 at *6 (E.D.N.Y. Aug. 24, 2012)
(Report & Recommendation), <u>adopted</u> <u>at</u>, 2012 WL 4364671 (E.D.N.Y.
Sept. 24, 2012) (to determine NYLL damages, courts should use
"the same burden-shifting scheme employed in FLSA actions").

8

the time he was employed there (Pl. Decl., Exhibit A (D.I. 54-1)
("Pl. Time Records")).  These records confirm some of plaintiff's
statements regarding the hours he worked at Blue Nine Burger and
his allegation that Blue Nine Burger paid him only $4 an hour
(Pl. Time Records).  Given defendants' default in this action,
defendants' lack of compliance with federal statutes governing
record keeping practices and the deferential legal standards
outlined above, plaintiff has sustained his burden of proof.

     19.  Plaintiff first seeks damages under a minimum wage
claim.  An employer who fails to meet minimum wage obligations
under the FLSA and the NYLL "shall be liable to the employee or
employees affected in the amount of their unpaid minimum wages .
. . and in an additional equal amount as liquidated damages."  29
U.S.C. § 216(b); see also 12 N.Y.C.R.R. § 143-1.3.  Under the
FLSA and the NYLL, the applicable minimum wage in 2015 was $8.75
an hour and $9.00 an hour in 2016.  29 U.S.C. § 206(a)(1); N.Y.
Lab. Law § 652(1).  Plaintiff alleges that he worked more than 40
hours per week from October 2015 until June 6, 2016 and was paid
$4 an hour (Compl. ¶¶ 23-27).  Thus, applying the applicable
minimum wage of $8.75 in 2015 and $9.00 in 2016, multiplying by
40 hours for each week plaintiff worked and subtracting the $4
per hour the plaintiff was actually paid, plaintiff is owed a

total of $6,880 in unpaid minimum wage damages, calculated as

follows:

```
Week of 10/11/2015: 40 hours x $8.75 = $350
Week of 10/18/2015: 40 hours x $8.75 = $350
Week of 10/25/2015: 40 hours x $8.75 = $350
Week of 11/01/2015: 40 hours x $8.75 = $350
Week of 11/08/2015: 40 hours x $8.75 = $350
Week of 11/15/2015: 40 hours x $8.75 = $350
Week of 11/22/2015: 40 hours x $8.75 = $350
Week of 11/29/2015: 40 hours x $8.75 = $350
Week of 12/06/2015: 40 hours x $8.75 = $350
Week of 12/13/2015: 40 hours x $8.75 = $350
Week of 12/20/2015: 40 hours x $8.75 = $350
Week of 12/27/2015: 40 hours x $8.75 = $350
Week of 01/03/2016: 40 hours x $9.00 = $360
Week of 01/10/2016: 40 hours x $9.00 = $360
Week of 01/17/2016: 40 hours x $9.00 = $360
Week of 01/24/2016: 40 hours x $9.00 = $360
Week of 01/31/2016: 40 hours x $9.00 = $360
Week of 02/07/2016: 40 hours x $9.00 = $360
Week of 02/14/2016: 40 hours x $9.00 = $360
Week of 02/21/2016: 40 hours x $9.00 = $360
Week of 02/28/2016: 40 hours x $9.00 = $360
Week of 03/06/2016: 40 hours x $9.00 = $360
Week of 03/13/2016: 40 hours x $9.00 = $360
Week of 03/20/2016: 40 hours x $9.00 = $360
Week of 03/27/2016: 40 hours x $9.00 = $360
Week of 04/03/2016: 40 hours x $9.00 = $360
Week of 04/10/2016: 40 hours x $9.00 = $360
Week of 04/17/2016: 40 hours x $9.00 = $360
Week of 04/24/2016: 40 hours x $9.00 = $360
Week of 05/01/2016: 40 hours x $9.00 = $360
Week of 05/08/2016: 40 hours x $9.00 = $360
Week of 05/15/2016: 40 hours x $9.00 = $360
Week of 05/22/2016: 40 hours x $9.00 = $360
Week of 05/29/2016: 40 hours x $9.00 = $360
Week of 06/05/2016: 40 hours x $9.00 = $360
```

Total minimum wage owed:          **$12,480**

Hourly rate paid, i.e., $4 an hour
x 40 hours per week for 35 weeks =   (**$5,600**)

10

Minimum wages owed:                **$6,880**

20.   Plaintiff also alleges violations of the FLSA and the NYLL based on defendants' failure to pay him overtime premium pay for all hours worked in excess of 40 hours per week.  Both the FLSA and the NYLL require employers to pay overtime wages, equal to one and one-half the employee's regular salary, for every hour worked in excess of 40 hours in any given week.  29 U.S.C. § 207(a); N.Y. Lab. Law § 651; 12 N.Y.C.R.R. § 142-2.2. The method for calculating overtime under both statutes is the same, and plaintiff is not entitled to receive double damages. Martinez v. Alimentos Saludables Corp., supra, 2017 WL 5033650 at *15.  A plaintiff must plead sufficiently detailed information to "support a reasonable inference that [he] worked more than 40 hours a week."  Kleitman v. MSCK Mayain Olam Habba Inc., 11-cv-2817 (SJ), 2013 WL 4495671 at *4 (E.D.N.Y. Aug. 20, 2013).

21.   Plaintiff alleges he worked 207 hours at Blue Nine Burger in October 2015 (Compl. ¶ 23; see also Chart of Plaintiff's Damages annexed to Pl. Decl. as Exhibit B (D.I. 54-2) ("Chart")).  Plaintiff also calculates damages based on his working 84 hours every week in November 2015 and December 2015 (Compl. ¶ 24; Chart).  Plaintiff recalls working twelve- to sixteen-hour days during this time frame, and he has calculated

11

his damages using an average of fourteen hours per day. While an average approximation is appropriate in such a damage calcula- tion,[5] plaintiff did not account for his thirty-minute lunch break each day. Thus, the actual weekly average for November 2015 and December 2015 should be 81 hours, not 84 hours. Taking these allegations as true, plaintiff worked a total of 456 overtime hours in 2015. Multiplying the statutory minimum wage in 2015 of $8.75 by 1.5, plaintiff was entitled to a premium pay of $13.125 for each hour worked in excess of 40 hours per week. Thus, multiplying $13.125 by 456 overtime hours and subtracting plaintiff's actual hourly pay of $4, yields a total of $4,161 in unpaid overtime damages for 2015, calculated as follows:

```
Week of 10/11/2015: 29 OT hours x $13.125 = $380.625
Week of 10/18/2015: 29 OT hours x $13.125 = $380.625
Week of 10/25/2015: 29 OT hours x $13.125 = $380.625
Week of 11/01/2015: 41 OT hours x $13.125 = $538.125
Week of 11/08/2015: 41 OT hours x $13.125 = $538.125
Week of 11/15/2015: 41 OT hours x $13.125 = $538.125
Week of 11/22/2015: 41 OT hours x $13.125 = $538.125
Week of 11/29/2015: 41 OT hours x $13.125 = $538.125
Week of 12/06/2015: 41 OT hours x $13.125 = $538.125
Week of 12/13/2015: 41 OT hours x $13.125 = $538.125
Week of 12/20/2015: 41 OT hours x $13.125 = $538.125
Week of 12/27/2015: 41 OT hours x $13.125 = $538.125
```

---

[5] See Miguel v. Mi Bella Puebla Corp., 16-cv-01593 (SJ)(RER), 2017 WL 4838820 at *4 (E.D.N.Y. Sept. 6, 2017) (Report & Recommendation), adopted at, 2017 WL 4838761 (E.D.N.Y. Oct. 24, 2017) (in default situations, plaintiff may provide an eviden- tiary basis to establish damages even if the information provided is general, not specific, and is based on estimation or recollec- tion).

12

Total overtime owed:                                    **$5,985**

Hourly rate paid, i.e., $4 an hour
x 456 hours =                                           (**$1,824**)

Overtime premium pay owed:                              **$4,161**

22.   Turning to 2016, plaintiff alleges he worked

769.1[6] overtime hours based on his recollection and Blue Nine

Burger's handwritten time sheets (Compl. ¶¶ 24-28; Chart; Re-

cords).   Multiplying the statutory minimum wage in 2016 of $9.00

by 1.5, plaintiff was entitled to a premium pay of $13.50.   Thus,

multiplying $13.50 by 769.1 overtime hours and subtracting

plaintiff's hourly pay of $4, plaintiff is owed a total of

$7,306.45 in unpaid overtime damages for 2016, calculated as

follows:

```
Week of 01/03/2016: 41.0 OT hours x $13.50 = $553.50
Week of 01/10/2016: 41.0 OT hours x $13.50 = $553.50
Week of 01/17/2016: 33.5 OT hours x $13.50 = $452.25
Week of 01/24/2016: 30.5 OT hours x $13.50 = $411.75
Week of 01/31/2016: 37.0 OT hours x $13.50 = $499.50
Week of 02/07/2016: 38.5 OT hours x $13.50 = $519.75
Week of 02/14/2016: 37.8 OT hours x $13.50 = $510.30
Week of 02/21/2016: 29.0 OT hours x $13.50 = $391.50
Week of 02/28/2016: 43.0 OT hours x $13.50 = $580.50
Week of 03/06/2016: 41.0 OT hours x $13.50 = $553.50
Week of 03/13/2016: 45.3 OT hours x $13.50 = $611.55
Week of 03/20/2016: 41.0 OT hours x $13.50 = $553.50
```

───────────

[6] Plaintiff again used an approximation of fourteen-hour
days for his calculations for the first two weeks in January.   As
explained above, the appropriate average should take into account
plaintiff's thirty-minute lunch break.   Thus, damages are calcu-
lated based on 41 overtime hours for the weeks of January 3 and
January 10, not 44 overtime hours.

13

```
Week of 03/27/2016: 36.5 OT hours x $13.50 = $492.75
Week of 04/03/2016: 43.5 OT hours x $13.50 = $587.25
Week of 04/10/2016: 46.0 OT hours x $13.50 = $621.00
Week of 04/17/2016: 31.5 OT hours x $13.50 = $425.25
Week of 04/24/2016: 26.0 OT hours x $13.50 = $351.00
Week of 05/01/2016: 24.5 OT hours x $13.50 = $330.75
Week of 05/08/2016: 19.0 OT hours x $13.50 = $256.50
Week of 05/15/2016: 27.0 OT hours x $13.50 = $364.50
Week of 05/22/2016: 24.0 OT hours x $13.50 = $324.00
Week of 05/29/2016: 18.0 OT hours x $13.50 = $243.00
Week of 06/05/2016: 14.5 OT hours x $13.50 = $195.75
```

Total overtime owed:                          **$10,382.85**

Hourly rate paid, i.e., $4 an hour
x 769.1 hours =                               (**$3,076.40**)

Overtime premium pay owed:                    **$7,306.45**

23.   Plaintiff next alleges that he is entitled to "spread-of-hours" damages.  Under NYLL's "spread-of-hours" rule, an employee is entitled to an additional hour of pay, at the prevailing minimum wage, if his start time and end time are more than ten hours apart.  12 N.Y.C.R.R. §§ 142-2.4, 142-2.18. According to the complaint, plaintiff worked over ten hours every day throughout his employment with defendants (Compl. ¶¶ 23-27; Chart).  In 2015, there were 72 days on which plaintiff worked over ten hours (Chart).  Multiplying those days by the statutory minimum wage of $8.75, plaintiff is owed $630 in spread of hours damages for 2015.  In 2016, there were 120 days on which plaintiff worked over ten hours (Chart).  Multiplying those days by

14

the statutory minimum wage of $9.00, plaintiff is owed $1,080 in spread of hours damages for 2016.

24.  Plaintiff further alleges he is also entitled to $10,000 in statutory damages based on defendants' failure to provide him with appropriate wage notices and weekly wage statements.  The NYLL requires employers to provide employees with a wage notice containing basic information such as rate of pay at the time of hire.  N.Y. Lab. Law § 195(a).  An employee who is not provided with this wage notice within ten business days of the first date of employment, can recover damages of $50 for each workday the violation continues with a statutory maximum of $5,000 in damages.  N.Y. Lab. Law § 198(1-b).  Employers are also required to provide employees with a wage statement on each payday.  N.Y. Lab. Law § 195(3).  An employee can recover $250 for each workday that a wage statement violation occurs, again, with a statutory maximum of $5,000.  N.Y. Lab. Law § 198(1-d).

25.  Plaintiff alleges Blue Nine Burger failed to notify him of his rates of pay at the time of his hire and never provided him with a wage statement (Compl. ¶¶ 65, 68).  Given defendants' default, all allegations in plaintiff's complaint must be taken as true.  See Bambu Sales, Inc. v. Ozak Trading Inc., supra, 58 F.3d at 854; Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., supra, 973 F.2d at 158-59 (2d Cir. 1992).

15

Thus, plaintiff is also entitled to $10,000 in statutory damages for defendants' wage statement and wage notice violations.

26.   In addition to compensatory damages, plaintiff also seeks to recover liquidated damages. The FLSA provides that an employer will be liable for liquidated damages equal to the amount owed for "unpaid minimum wages, or . . . unpaid overtime compensation." 29 U.S.C. § 216(b).[7] This award serves as "'compensation to the employee occasioned by the delay in receiving wages caused by the employer's violation of the FLSA.'" Jemine v. Dennis, 901 F. Supp. 2d 365, 388 (E.D.N.Y. 2012), quoting Herman v. RSR Secs. Servs., Ltd., 172 F.3d 132, 141-42 (2d Cir. 1999). Unlike the FLSA, the NYLL also permits liquidated damages for "spread of hours" violations. See Morales v. Mw Bronx, Inc., 15 Civ. 6296 (TPG), 2016 WL 4084159 at *10 n.9 (S.D.N.Y. Aug. 1, 2016) (Griesa, D.J.). Plaintiff is entitled to $6,880 in unpaid minimum wages, $11,467.45 in unpaid overtime compensation and $1,710 in spread of hours premium, for a total of $20,057.45. Thus, plaintiff is also entitled to an additional $20,057.45 in liquidated damages.

---

[7] Similarly, under the NYLL, plaintiff is permitted to recover 100% of unpaid overtime. N.Y. Lab. Law § 198(1-a). However, plaintiff may not receive double liquidated damages under both statutes. Chowdhury v. Hamza Express Food Corp., 666 F. App'x 59, 60-61 (2d Cir. 2016); Miguel v. Mi Bella Puebla Corp., supra, 2017 WL 4838820 at *6.

16

27.   Finally, plaintiff seeks an award of his attorneys' fees and costs incurred in bringing this action.   "'Both the FLSA and the NYLL are fee-shifting statutes that entitle plaintiffs to recover reasonable attorneys' fees and costs in successfully prosecuting wage-and-hour actions.'"   Greathouse v. JHS Security, Inc., 11 Civ. 7845 (PAE)(GWG), 2017 WL 4174811 at *2 (S.D.N.Y. Sept. 20, 2017) (Engelmayer, D.J.), quoting Hernandez v. JRPAC Inc., 14 Civ. 4176 (PAE), 2017 WL 66325 at *1 (S.D.N.Y. Jan. 6, 2017) (Engelmayer, D.J.); see also 29 U.S.C. § 216(b); N.Y. Lab. Law § 198 (1-a).

28.   It is well settled in this Circuit that courts utilize the "lodestar" method, i.e., "the product of a reasonable hourly rate and the reasonable number of hours required by the case," to determine a presumptively reasonable attorneys' fee award.   Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011; see also Greathouse v. JHS Security, Inc., supra, 2017 WL 4174811 at *2; Gaia House Mezz LLC v. State Street Bank & Trust Co., 11 Civ. 3186 (TPG), 2014 WL 3955178 at *1 (S.D.N.Y. Aug. 13, 2014) (Griesa, D.J.).   Under this analysis, courts look to "the market rate 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'"   Greathouse v. JHS Security, Inc., supra, 2017

17

WL 4174811 at *2, quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).

29.   Plaintiff's counsel's hourly rate of $400 is consistent with rates normally deemed reasonable for FLSA and NYLL wage-and-hour cases in this Circuit.  See Greathouse v. JHS Security, Inc., supra, 2017 WL 4174811 at *2; Castellanos v. Mid Bronx Cmty. Hous. Mgmt. Corp., 13 Civ. 3061 (JGK), 2014 WL 2624759 at *6 (S.D.N.Y. Jun. 10, 2014) (Koeltl, D.J.); Trinidad v. Pret a Manger (USA) Ltd., 12 Civ. 6094 (PAE), 2014 WL 4670870 at *9 (S.D.N.Y. Sept. 19, 2014) (Engelmayer, D.J.).  An hourly rate of $100 an hour for plaintiff's counsel's paralegal is also reasonable under the caselaw of this Circuit.  See Gurung v. Malhotra, 851 F. Supp. 2d 583, 597 (S.D.N.Y. 2012) (Marrero, D.J.); New York District Council of Carpenters Pension Fund v. Perimeter Interiors, Inc., 657 F. Supp. 2d 410, 424 (S.D.N.Y. 2009) (Pauley, D.J.).

30.   Plaintiff's counsel has submitted contemporaneous time records showing all hours worked and out-of-pocket expenses incurred in regards to this action (Annexed to Pl. Decl. as Exhibit C (D.I. 54-3) ("Cilenti Records")).  Plaintiff's counsel states that he spent 46.2 billable hours working on plaintiff's case, performing such tasks as drafting the complaint, amending the complaint, attending pre-trial conferences, drafting initial

disclosures and interrogatories, reviewing defendants' wage and hour records, conducting legal research and drafting and submitting a motion to strike defendants' answer (Cilenti Records). Plaintiff's counsel's paralegal spent 3.2 billable hours assisting on the case (Cilenti Records). Based on my review of plaintiff's counsel's records, I find the total of 49.4 billable hours to be reasonable in this case. See Cazarez v. Atlantic Farm & Food Inc., 15-cv-2666 (CBA)(RML), 2017 WL 3701687 at *8 (E.D.N.Y. May 31, 2017) (Report & Recommendation), adopted at, 2017 WL 3701479 (E.D.N.Y. Aug. 25, 2017) (47.5 billable hours reasonable in a FLSA default judgment case); Rodriguez v. Heinchon Marcus Distributors, LLC, 16 Civ. 1447 (VB)(PED), 2016 WL 7489067 at *9 (S.D.N.Y. Nov. 10, 2016) (Davison, M.J.) (Report & Recommendation), adopted at, 2016 WL 7477559 (S.D.N.Y. Dec. 28, 2016) (Briccetti, D.J.) (39.4 billable hours reasonable in a FLSA default judgment case); Jiaren Wei v. Lingtou Zhengs Corp., 13-cv-5164 (FB)(CLP), 2015 WL 739943 at *16 (E.D.N.Y. Feb. 20, 2015) (noting that "the high-end amount of hours" spent on wage-and-hour default judgment cases "is no more than 55 hours total").

31.   Thus, plaintiff's counsel is entitled to a total of $18,800[8] in attorneys' fees, calculated as follows:

46.2 attorney hours x $400 an hour = $18,480
3.2 paralegal hours x $100 an hour =    $320
                                     $18,800

32.   Plaintiff's counsel also incurred $616.49 out-of-pocket costs for filing fees, service processing fees and postage (Cilenti Records).  I find these out-of-pocket costs reasonable in this action.  Cazarez v. Atlantic Farm & Food Inc., supra, 2017 WL 3701687 at *8 (a $647.59 award for costs appropriate for filing fees, service processing fees and postage).

IV.  Conclusion

Accordingly, for all the foregoing reasons, I respectfully recommend that plaintiff is entitled to judgment against defendants, as follows:  (1) $6,880 in unpaid minimum wages, (2) $11,467.45 in unpaid overtime compensation, (3) $1,710 in spread of hours damages, (4) $10,000 in statutory penalties for wage statement and wage notice violations, (5) $20,057.45 in liquidated damages and (6) $18,800 in attorneys' fees and $616.49 in

_____

[8] Plaintiff's counsel calculated his attorney's fees at $18,620 (Cilenti Records at 7).  However, as the calculations set forth in the text demonstrate, he is actually entitled to a fee $18,800.

20

costs.  In total, plaintiff is entitled to a judgment of
$69,531.39 in damages and attorneys' fees.

V.  OBJECTIONS

        Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of
the Federal Rules of Civil Procedure, the parties shall have
fourteen (14) days from receipt of this Report to file written
objections.  See also Fed.R.Civ.P. 6(a).  Such objections (and
responses thereto) shall be filed with the Clerk of the Court,
with courtesy copies delivered to the Chambers of the Honorable
John G. Koeltl, United States District Judge, 500 Pearl Street,
Room 1330, New York, New York 10007 and to the Chambers of the
undersigned, 500 Pearl Street, Room 1670, New York, New York
10007.  Any requests for an extension of time for filing objec-
tions must be directed to Judge Koeltl.  FAILURE TO OBJECT WITHIN
FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL**
PRECLUDE APPELLATE REVIEW.  Thomas v. Arn, 474 U.S. 140, 155
(1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.
1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054
(2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.
1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir.

1988); <u>McCarthy v. Manson</u>, 714 F.2d 234, 237-38 (2d Cir. 1983)

(<u>per</u> <u>curiam</u>).

Dated:   New York, New York
         April 6, 2018

                                    Respectfully submitted,

                                    _____
                                    HENRY PITMAN
                                    United States Magistrate Judge

Copy transmitted to:

Justin Cilenti, Esq.
Law Offices of Cilenti & Cooper, PLLC
708 Third Avenue
6th Floor
New York, New York 10017

Copies mailed to:

Mr. Muhammad Zishan
3210 Avenue I
2nd Floor
Brooklyn, New York 11210

Zishan, Inc.
1415 Second Avenue
New York, New York 10021